UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**TOMAS D. CUESTA, SR.,**

        **Petitioner,**

    v.                                          Case No. 25-CV-1635

**DALE J. SCHMIDT,**

        **Respondent.**

---

## ORDER

---

Immigration officials took Tomas D. Cuesta, Sr., a Cuban national who legally entered the United States in 1980, into their custody after he completed a 25-year state prison sentence on June 8, 2025. (ECF No. 1 at 1.) He filed a petition for a writ of habeas corpus seeking his release pending removal. (ECF No. 1.) He states that he is currently challenging in state court the convictions that render him removable. (ECF No. 1 at 1.)

In accordance with Rule 4 of the Rules Governing Section 2254 Cases, which applies to petitions under 28 U.S.C. § 2241, *see* Rule 1(b), Rules Governing Section 2254 cases, the court must screen the petition. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases.

Non-citizens who find themselves in removal proceedings after having been convicted of serious crimes generally must be detained. 8 U.S.C. § 1226(c). However, if such detention becomes protracted, it may violate due process. *See Vargas v. Beth*, 378 F. Supp. 3d 716, 727 (E.D. Wis. 2019). Six-months is generally the point at which a federal court will begin to consider detention as potentially violative of due process. But whether any particular detention violates due process will depend on the specific circumstances including the extent to which any delays are attributable to the petitioner. *Cf. Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (setting six-months as the point at which post-removal detention becomes presumptively unreasonable); *but see Jennings v. Rodriguez*, 583 U.S. 281, 311-12 (2018) (rejecting the argument that a person subject to mandatory detention was entitled to a bond hearing every six months).

Cuesta has been in custody pending removal for less than six months. Insofar as there has been any delay in the removal proceedings, it appears attributable to his efforts to challenge the state convictions that render him removable rather that anything attributable to immigration officials. Therefore, from the information contained in his petition, he has not presented a plausible claim that he is statutorily entitled to a bond hearing or that his detention has been so protracted as to plausibly violate due process. Accordingly,

**IT IS THEREFORE ORDERED** that Cuesta's petition and this action are dismissed without prejudice. Because the court finds that no reasonable jurist could

debate that the petition should be dismissed as premature, the court declines to issue a certificate of appealability. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 21st day of November, 2025.

> *s/ Byron B. Conway*
> BYRON B. CONWAY
> U.S. District Judge

3

Case 1:25-cv-01635-BBC   Filed 11/21/25   Page 3 of 3   Document 4